BALLARD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-122-CR

BARRY HOUSTON BALLARD APPELLANT

A/K/A BARRY H. BALLARD

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant seeks to appeal from a conviction for felony driving while intoxicated (DWI).  On December 12, 2005, Appellant entered an open plea of guilty to felony DWI; on March 6, 2006, the court assessed Appellant’s punishment at fifteen years’ confinement.  Pursuant to the written plea admonishments that were signed by Appellant and his attorney, Appellant waived his right to appeal.  The trial court entered its certification of Appellant’s right to appeal in accordance with rule 25.2(a)(2).  
See
 
Tex. R. App. P.
 25.2(a)(2).  The certification states that “the defendant has waived the right of appeal” pursuant to the signed plea admonishments.

On April 4, 2006, Appellant filed a pro se notice of appeal.  On April 17, 2006, we notified Appellant and his attorney that the certification, indicating that Appellant had waived his right to appeal the case, had been filed in this court and that this appeal would be dismissed unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P.
 25.2(d), 44.3.  Appellant has filed a pro se response.

The signed plea admonishments recite that Appellant entered an open plea of guilty and the State agreed to waive a deadly weapon finding.  In this document, Appellant acknowledged, “I give up and waive my right to appeal. . . .”  The trial court’s certification states that Appellant has waived the right to appeal pursuant to the signed plea admonishments.  Appellant’s pro se response provides no grounds for continuing this appeal in light of Appellant’s written acknowledgment that he waived his right to appeal.  

Under Texas law, a defendant in a noncapital case "may waive any rights secured him by law," including the right to appeal.  
Tex. Code Crim. Proc. Ann.
 art. 1.14(a) (Vernon 2005); 
Monreal v. State
, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (reaffirming that "a valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court").  Accordingly, because the record supports the trial court’s certification that Appellant has waived his right to appeal, we dismiss this appeal.  
See
 
Tex. R. App. P.
 43.2(f), 44.3.
(footnote: 2) 

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: JUNE 15, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
We grant the motion for leave to withdraw as counsel filed by Appellant’s court-appointed attorney, William H. “Bill” Ray.  We deny Appellant’s motion requesting that this appeal be abated and the case be remanded to the trial court for appointment of new counsel.